FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

SEP 22 2011

LONG ISLAND OFFICE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

SHMUEL LOWENBEIN and )
BASHIE LOWENBEIN on behalf of )
themselves and all similarly situated )
           Plaintiffs, )
 )
   -against- )
 )
 )
INTEGRITY FINANCIAL )
PARTNERS, INC. )
 )
 )
 )
      Defendant. )

**SUMMONS ISSUED**

11  46

GERSHON, J.

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiffs Shmuel Lowenbein and Bashie Lowenbein seek redress for the illegal

practices of Integrity Financial Partners, Inc. concerning the collection of debts, in

violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.*

("FDCPA") *Foti v. NCO Financial Systems, Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y 2006)

(found that debt collectors who use automated messages do so at the peril of violating

the FDCPA, either by not leaving enough information for the debtor in violation of §§

1692d(6) and 1692e(11), or by leaving too much information for a possible third party in

violation of § 1692c(b) Debt collectors . . . should use other means to collect, including

calling and directly speaking with the consumer or sending appropriate letters).

-1-

Defendant has blatantly ignored the suggestion of Judge Karas in the *Foti* case and contacted the plaintiffs as is set forth below.

### *Parties*

2.   Plaintiffs are citizens of the State of New York who reside within this District.

3.   Plaintiffs are "consumer[s]" as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that defendant sought to collect from plaintiff is a consumer debt.

4.   Defendant's principal place of business is located in Overland Park, Kansas.

5.   Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.   Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7.   This Court has Federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

9.   On information and belief, on a date better known by defendant, defendant attempted to collect alleged consumer debts from the plaintiffs.

10.  On or about many occasions within the past year, the defendant contacted the plaintiff where it disguised the caller ID so that it showed that the call was coming from New York. *FTC v. EMC Mortgage Corp. et. a*l. (USDC-EDTX –Sept. 9, 2008)

11.  Upon information and belief, the defendant does not have any offices in New York.

-2-

12.   On or about November 4, 2010 and March 8, 2011 defendant left messages for plaintiff
      Shmuel Lowenbein.

13.   Said messages failed to state that the message was from a debt collector or concerning
      the collection of debt.

14.   The telephone messages fail to set forth that the communication is concerning the
      collection of a debt or that the communication is from a debt collector.

15.   On or about October 12, 2010 and October 19, 2010 defendant left messages for plaintiff
      Bashie Lowenbein.

16.   Said messages failed to state that the message was from a debt collector or concerning
      the collection of debt.

17.   The telephone messages fail to set forth that the communication is concerning the
      collection of a debt or that the communication is from a debt collector.

18.   Defendant caused plaintiffs to incur charges for defendant's collection communications
      when plaintiff had no reason to know the communication's purpose.

19.   Defendant was prohibited from placing a call that will cause a charge to plaintiffs
      without having notified plaintiffs to expect it and without having announced its
      collection purpose.

20.   The said telephone messages are in violation of the Fair Debt Collection Practices Act,
      15 U.S.C. §§ 1692e(10), 1692e(11) and 1692f(1).

## AS AND FOR A FIRST CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by plaintiffs Shmuel Lowenbein and Bashie Lowenbein on behalf of themselves and the members of a class, as against the defendant.***

21.   Plaintiffs restate, reallege, and incorporate herein by reference, paragraphs 1-20 as if set forth fully in this Cause of Action.

22.   This action is brought on behalf of plaintiffs and the members of two classes and a sub-class.

23.   Class A consists of consumers who were left a telephone message concerning a consumer debt without having been informed that the communication was from a debt collector.

24.   Class A consists of all persons whom Defendant's records reflect resided in New York and who received telephonic contact with misleading caller ID information within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone contact was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone contact was in violation 15 U.S.C. 1692 §§ 1692e and 1692e(10).

25.   Class B consists of all persons whom Defendant's records reflect resided in New York and who received telephonic messages from defendant within one year prior to the date of the within complaint up to the date of the filing of the complaint; (a) the telephone message was placed to a consumer seeking payment of a consumer debt; and (c) that the telephone messages were in violation 15 U.S.C. 1692 §§ 1692e(11) and 1692e(10).

26.     A sub-class exists for Class B for those members who were contacted unlawfully where
        they were charged for the call in violation of 1692f(1).

27.     Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and
        preferable in this case because:

   (A) Based on the fact that telephonic messages are at the heart of this litigation, the class is
        so numerous that joinder of all members is impracticable.

   (B) There are questions of law and fact common to the class and these questions
        predominate over any questions affecting only individual class members. The principal
        question presented by this claim is whether the Defendant violated the FDCPA.

   (C) The only individual issue is the identification of the consumers who received the
        telephonic messages, (*i.e.* the class members), a matter capable of ministerial
        determination from the records of Defendant.

   (D) The claims of the plaintiffs are typical of those of the class members. All are based on
        the same facts and legal theories.

   (E) The plaintiffs will fairly and adequately represent the class members' interests. The
        plaintiff has retained counsel experienced in bringing class actions and collection-abuse
        claims. The plaintiffs' interests are consistent with those of the members of the class.

28.     A class action is superior for the fair and efficient adjudication of the class members'
        claims. Congress specifically envisions class actions as a principal means of enforcing
        the FDCPA. 15 U.S.C. 1692(k). The members of the class are generally unsophisticated
        individuals, whose rights will not be vindicated in the absence of a class action.
        Prosecution of separate actions by individual members of the classes would create the

-5-

risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

29.     If the facts are discovered to be appropriate, the plaintiffs will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

30.     Telephonic messages, such as those left by the defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

31.     The actions of the defendant violate the Fair Debt Collection Practices Act.

32.     Because the defendant violated of the Fair Debt Collection Practices Act, the plaintiffs and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

### AS AND FOR A SECOND CAUSE OF ACTION

### *Violations of the Telephone Consumer Protection Act brought by plaintiffs*

33.     Plaintiffs restate, reallege, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

34.     The defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by initiating eighty-nine (89) telephone calls to the plaintiffs' wireless telephone numbers using an artificial and/or pre-recorded voice to deliver messages without having the consent of the plaintiffs to leave such messages.

35.     Defendant has repeatedly violated the TCPA by the calls made to Plaintiffs, specifically the numerous calls by illegal automatic dialers, predictive dialers, and/or pre-recorded messages that have been unleashed against plaintiffs by defendant also without having included the proper name of the defendant or any name for that matter.

36.     There is no exception or justification for the numerous violations of the TCPA by defendant as plaintiffs have not consented to the use of the wireless telephone number at issue.

37.     Each call is a separate violation and entitles plaintiffs to statutory damages against defendant in the amount of $500.00 per call.

38.     Plaintiffs assert that since the violations were made intentionally or recklessly that the violations be assessed a statutory damage of $1,500.00 per call. 47 U.S.C. § 227(b)(3).

39.     All actions taken by Defendant were taken with malice, were done willfully, recklessly and/or were done with either the desire to harm Plaintiffs and/or with the knowledge that its actions would very likely harm Plaintiffs and/or that its actions were taken in violation of the TCPA and/or that knew or should have known that its actions were in reckless disregard of the TCPA.  Courts have found collection agency's have willfully or knowingly violated the TCPA simply by calling any plaintiff on his/her cell phone using a pre-recorded voice, regardless of whether it knew it was violating the law. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874).

40.     The defendant has repeatedly violated the TCPA by failing to leave the legal name of the defendant in the messages left for the plaintiff as states as follows in 47 C.F.R. 64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call. If a business is responsible for initiating the call, the name under which the entity is registered to conduct business with State Corporation Commission (or comparable regulatory authority) must be stated. The FCC further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the legal name under which the business, individual or entity calling is registered to operate. The Commission recognizes that some businesses use "d/b/as" or aliases for marketing purposes. The rule does not prohibit the use of such additional information, provided the legal name of the business is also stated."

41.     The FCC did not intend to exempt automated collection calls from the requirements of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

42.     Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

43.     In addition, on or about many occasions, the defendant contacted the plaintiffs where it disguised the caller ID so that it showed that the call was coming from New York.

44.     Upon information and belief, the defendant does not have any offices in New York.

-8-

45.   In December 2010 Congress passed the Truth in Caller ID Act of 2009 amending

Section 227 (TCPA) of the Communications Act of 1934 (See Pub L No 111-331 2010

47 U.S.C 227(e) prohibition on provision of deceptive caller ID information) The Truth

in Caller ID Act of 2009 makes it unlawful for any person to transmit misleading or

inaccurate caller ID information with the intent to defraud or deceive The legislation was

an attempt to prevent spoofing and to address fraudulent phone calls, credit card fraud

and identity theft and protect legitimate use of caller ID (See 156 Cong. Rec. H8376,

H378 - Dec 15 2010)  Under the amendment violators are subject to civil forfeiture

penalties totaling up to $1,000,000 and criminal fines which can be combined with

imprisonment (47 U.S.C 227(e)(5), 501) .


The  ACA International's General Counsel has acknowledged that the Truth in Caller ID

Act applies to third-party debt ccllectors, creditors, and asset buyers as well as any other

individual who may manipulate caller ID information (See Valerie Hayes ACA s Angle

New Truth in Caller ID Act Brings Important Changes for Companies That Call

Consumers (Feb, 8, 2011) http://accountsrecovery.net/profiles/blogs/acas-angle-new-

truth-in-caller.


Although the truth in caller Id act does not explicitly provide for a private cause of

action, a private cause of action against service providers is available to individuals for

violations of the Act under 227(e) in conjunction with 207 of the Communications Act

of 1934  See 47 U.S.C. 207 (any person who claims to be damaged under Chapter 5 of

-9-

the Title 47, the Communications Act of 1934, may file a complaint with either the FCC

or a federal district court to pursue damages).

### *Violations of the Telephone Communications Privacy Act*

46.    The defendant has repeatedly violated the TCPA by failing to leave the legal name of

the defendant in the messages left for the plaintiffs as states as follows in 47 C.F.R.

64.1200(b)(1) states:

"(b) All artificial or prerecorded telephone messages shall:

At the beginning of the message, state clearly the identity of the business, individual, or

other entity that is responsible for initiating the call. If a business is responsible for initiating

the call, the name under which the entity is registered to conduct business with State

Corporation Commission (or comparable regulatory authority) must be stated. The FCC

further provided that:

With respect to the caller's name, the prerecorded message must contain, at a minimum, the

legal name under which the business, individual or entity calling is registered to operate.

The Commission recognizes that some businesses use "d/b/as" or aliases for marketing

purposes. The rule does not prohibit the use of such additional information, provided the

legal name of the business is also stated."

47.    The FCC did not intend to exempt automated collection calls from the requirements

of 47 C.F.R. 64.1200(b)(1), even if consent was given in the case where the debt

-10-

collector failed to leave the legal name of the company. (*Sengenberger v. Credit Control Services, Inc.*, 2010 U.S. Dist. LEXIS 43874)

48.     Defendant has repeatedly violated the TCPA by the calls made to plaintiffs specifically the numerous calls by illegally by not stating its legal name in its prerecorded messages in violation of the Telephone Consumer Protection Act

49.     The actions of the defendant violate the TCPA.

50.     Because the defendant intentionally violated the TCPA, the plaintiffs are entitled to damages in accordance with the TCPA namely $1500 for each call where the defendant failed to obtain prior consent from the plaintiffs.

WHEREFORE, Plaintiffs respectfully requests that this Court enter judgment in his their and against the defendant and award damages as follows:

(a) Statutory damages provided under the TCPA and injunctive relief;

(b) Any other relief that this Court deems appropriate and just under the circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION

### *Violations of the FDCPA on an individual basis*

51.     Plaintiff Shmuel Lowenbein restates, realleges, and incorporates herein by reference, paragraphs 1-8 as if set forth fully in this Cause of Action.

52.     That on or about November 17, 2011 defendant left a message for the plaintiff which disclosed that it was concerning a debt.

-11-

53.    The message which set forth that the message was from a debt collector was overheard by the plantiff's mother in law.

54.    The message which violated the plaintiff's right of privacy, was extremely embarrassing for the plaintiff.

55.    Plaintiff suffered emotional distress damage due to the defendant's actions.

56.    Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

(a)    The defendant violated 15 U.S.C. § 1692c by disclosing to an unauthorized third party that plaintiff owed a debt or contacting a member of the plaintiff's family where the defendant already had plaintiff's contact information.

57.    As a result of the above violations of the FDCPA, defendant is liable to the plaintiff for the sum of plaintiff's statutory and actual damages to be determined at trial, plus costs and attorney's fees.

WHEREFORE, plaintiff respectfully prays that judgment be entered against defendant in the amount of:

(a)    Statutory and actual damages pursuant to 15 U.S.C. § 1692k in an amount to be determined at the time of trial.

(b)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(c)    For such other and further relief as may be just and proper.

Dated: Cedarhurst, New York
September 20, 2011

Adam J. Fishbein, P.C.  (AF-9508)
Attorney At Law
**Attorney for the Plaintiffs**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

Adam J. Fishbein  (AF-9508)

-13-